UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MUSTAFA OZSUSAMLAR**  **DOCKET NO. 2:25-CV-00675**
**#18188-050**  **SECTION P**

**VERSUS**  **JUDGE DAVID C. JOSEPH**

**IRS DEPT OF TREASURY**  **MAGISTRATE JUDGE LEBLANC**

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Mustafa Ozsusamlar. Ozsusamlar is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the following reasons **IT IS RECOMMEDED** that the petition be **DENIED** and **DISMISSED**.

I.
BACKGROUND

Through the instant petition Mr. Ozsusamlar asks the Court to order the IRS to deposit his "stebulation[1] refund" in the amount of $1,400 and his 2001 tax refund in the amount of $1,800 into his prison trust fund account. Doc. 1, p. 7.

---

[1] Petitioner cites to a 2021 Executive Order by President Biden in connection with the $1,400 "stubulation refund," in Ground 1 of his Petition. Doc. 1, p. 6. The Court presumes he is referencing the $1,400 stimulus payment offered to individuals who qualified for same in 2021.

## II.
### LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Section 2241

The Court must first determine whether petitioner's claims may be properly raised in a § 2241 habeas corpus petition. Federal law provides two distinct avenues to relief for complaints related to incarceration: the petition for writ of habeas corpus and the civil-rights action for equitable or monetary relief. *Muhammad v. Close*, 540 U.S. 749, 750, 124 S. Ct. 1303, 158 L. Ed. 2d 32 (2004). Habeas is reserved for "[c]hallenges to the validity of any confinement or to particulars affecting its duration," while civil-rights actions are typically used to attack conditions of confinement. *Id.* (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973)).

"Which statutory vehicle to use depends on the nature of the claim and the type of relief requested." *Poree v. Collins,* 866 F.3d 235, 243 (5th Cir. 2017). The "core issue" is "whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement." *Cook v. Tex. Dep't of Crim. Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994).

A petitioner may seek habeas relief under 28 U.S.C. § 2241 if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Habeas exists solely to "grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976). "Simply stated, habeas is not available to review questions unrelated to the cause of detention." *Id*. at 935. "The Fifth Circuit follows a bright-line rule: 'If a favorable determination . . . would not automatically entitle [the detainee] to accelerated release, . . . the proper vehicle is a [civil rights] suit.'" *Sacal-Micha v. Longoria,* 449 F. Supp. 3d 656, 2020 U.S. Dist. LEXIS 53474, 2020 WL 1518861, at *3 (S.D. Tex. Mar. 27, 2020) (quoting *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997)).

In the present matter, a favorable determination would not entitle Mr. Ozsusamlar to release.  Rather, he seeks only monetary relief from the defendant.

### III.
### CONCLUSION

Accordingly,

For the reasons stated above, the Court finds that Petitioner's claim is not cognizable under 28 U.S.C. § 2241 and **RECOMMENDS** that the instant petition be **DENIED** and **DIMISSED** for lack of subject-matter jurisdiction and all pending motions be **DENIED** as **MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to

file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

      THUS DONE AND SIGNED in Chambers in chambers this 3rd day of September, 2025.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE